BRIAN H GETZ, ESQ. (CSBN 85593)
88 Kearny Street, Suite 1850
San Francisco, CA 94108
Telephone: (415) 912-5886
Facsimile: (415) 358-4770
Email: bhgetz@pacbell.net

Attorney for Defendant
JAMES DOHERTY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff<br><br>v.<br><br>JAMES DOHERTY,<br>Defendant | CASE NO. CR 00797-001 CRB<br>SENTENCING MEMORANDUM OF<br>DEFENDANT JAMES DOHERTY<br><br>DATE: April 26, 2018<br>Time: 1:30 p.m.<br>Ctrm: 6, 17th Floor |

Defendant James Doherty, by and through counsel, hereby requests that this Court consider the following facts and circumstances in connection with its sentencing choices. Mr. Doherty respectfully submits that a sentence below the Guidelines range is sufficient, but not greater than necessary, to comply with the statutory directives set forth in 18 U.S.C. §3553(a).

**I.    THE SENTENCING FACTORS**

In *United States v. Booker*, 125 S. Ct. 738, 757 (2005), the Supreme Court abandoned the rigidity of the guidelines, making the guidelines advisory only and authorizing judges to consider the full range of relevant considerations in imposing a fair and reasonable sentence. The Sentencing Reform Act, as revised by *Booker*, directs the sentencing court to "impose a sentence sufficient, but not greater than necessary" and permits the court to

tailor the sentence in light of other statutory concerns, such as the factors listed in 18 U.S.C. §3553(a), which include the following:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed – (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for – (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines – (i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28; and (ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; [. . .]

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;
[. . .] 18 U.S.C. §3553(a).

The Ninth Circuit has consistently followed *Booker*, holding that district courts are not bound by the Guidelines, but must take them into account with the goals of sentencing. *U.S. v. Cardenas-Juarez*, 469 F.3d 1331, 1335 (2006); *U.S. v. Cantrell*, 433 F.3d. 1269, 1279 (2006).

II. **APPLYING THE FACTORS OF 18 U.S.C. §3553(a) TO MR. DOHERTY JUSTIFY A SENTENCE OUTSIDE OF AND BELOW THE ADVISORY GUIDELINES**

Under 18 U.S.C. §3661, "no limitation shall be placed on the information concerning the background, character, and conduct of [the defendant] which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." Mr. Doherty respectfully requests that the Court consider the following history and characteristics regarding the defendant as justification for a sentence below the advisory guideline range.

The probation officer correctly listed one factor under 18 U.S.C. 3553(a)(6) that should be considered for a possible sentence *below* the advisory guideline range in order to address the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. Additionally, a sentence below the guideline range is justified for many other reasons as well under the provisions of 18 U.S.C. §3553.

A. RELEVANT FACTS REGARDING MR. DOHERTY

Mr. Doherty was involved in the offense, not as a leader, manager, or organizer nor part of the "core group," but rather as one who participated by paying others "as directed" by two of the related case defendants, described as the "King" and a "major player" in the Presentence Report (Presentence Report ¶16, ¶8, and ¶14). While the defendant did not receive any reduction in his guideline range for his lesser role, this circumstance of the offense in combination with the history and characteristics of the defendant should be addressed by the Court by imposing a sentence below the guideline range.

Mr. Doherty is now 61 years of age, an age when many are nearing and planning for their retirement. Instead of planning for his retirement, Mr. Doherty has come to terms with what is expected to be an important collateral consequence of this case. He will most likely lose his real estate license, which has been an integral part of his ability to earn a living for many years. Although Mr. Doherty is shifting the focus of his work to perform more accounting, bookkeeping, and administrative tasks, the loss of his real estate license will most certainly greatly and adversely affect his future earning capacity.

Mr. Doherty's past financial successes must be measured in large part by his hard work, business acumen, and desire to excel in his educational endeavors, which includes

a Bachelor of Arts degree, in Business (PSR ¶57), rather than as a result of a lifelong criminal lifestyle, insatiable greed, or a desire for lavish spending.

Mr. Doherty is a life-long resident of San Francisco and the Bay Area. For many years, he has been a part of a real estate company, founded by his father in 1959, which has become a part of the fabric of the community it has served for so many years and which is also held in high regard by the multiple generations of the many people it has served for so many years. This company has stood the test of time when large corporate real estate companies have taken over or eliminated so many smaller real estate businesses in recent years.

Mr. Doherty additionally has a strong work ethic, with the prime focus and motivating force being to provide for his family, which includes four children, triplets and a stepdaughter. Mr. Doherty is a family man in every sense of the word, completely devoted to his wife and children and he has always put their needs above his own. Mr. Doherty and his wife enjoy a solid and loving relationship in which they have always put their children first (PSR ¶46). Mr. Doherty's wife and children depend on him for emotional support and in return, they have given him their unwavering support. All of Mr. Doherty's children attended private Catholic schools and graduated from or are attending college (PSR ¶46). The cost of his children's education, which has been of paramount importance to Mr. Doherty, amounts to a significant expenditure. Mr. Doherty has also given generously of his time to his children and community by supporting and participating in their many extracurricular activities.

The remaining majority of Mr. Doherty's assets are tied to his family home, purchased well before his involvement in this offense and at a time before the current real estate boom. In fact, Mr. Doherty is still making payments on the loan for this property. Mr. Doherty is deeply ashamed that he failed as role model to his children in connection with this offense, but it is important to note this lapse was temporary during an otherwise exemplary life. Undoubtedly, Mr. Doherty will never disappoint his family again.

Mr. Doherty's criminal conduct occurred during an extremely low point in his life when he has candidly acknowledged he was consuming alcohol to the point of excess (PSR ¶55). However, Mr. Doherty has never blamed anyone or any circumstance for

either his alcoholism or his conduct relative to this case and instead he has always assumed full responsibility. Indeed, Mr. Doherty's wife confirms he sought treatment independently and has not been hesitant to ask for help when he needs it (PSR ¶55). Mr. Doherty could have spent years denying that he even had a problem with alcohol, a common symptom of those who have the disease of alcoholism, and which could have resulted in an irreversible downward spiral. Instead, Mr. Doherty took the initiative of acknowledging and confronting his problem with alcohol on his own. He entered and successfully completed an alcohol treatment program (PSR ¶55). Mr. Doherty has been sober since 2015, not because anyone told him he needed to do this, but because he recognized on his own the need for treatment, which he has continued faithfully to participate in to this day, twice a week, and without relapse. Mr. Doherty needs, and should be allowed to continue this important and life-saving treatment.

The initial proceedings for Mr. Doherty in this case began more than six years ago. While every defendant must go through the resulting stress and anxiety of not knowing what the final outcome of his or her case will be, the unusually lengthy and protracted time Mr. Doherty's has endured this uncertainty far exceeds the norm.

Mr. Doherty would like to convey to the Court his desire to be given the opportunity to redeem himself, and live the remainder of his life and engage in his career honorably.

### III.  CONCLUSION - A VARIANCE IS APPROPRIATE AND PROPER IN THIS CASE

While the court must factor into its decision-making process the sentences of other related case defendants, of greater importance are the unique circumstances of Mr. Doherty alone. Mr. Doherty's individual circumstances as discussed above all suggest this conduct or any type of criminal conduct is extremely unlikely to recur.

The current guideline range authorizes a sentence of probation without the need for incarceration. It is suggested the court should take a small step further, given the unique circumstances of Mr. Doherty's case, and sentence him to probation, without any conditions relating to any type of confinement, whether that be intermittent, community or home detention. Such conditions are clearly unnecessary in this case. Therefore, the Court is respectfully requested to sentence Mr. Doherty to a sentence of straight

probation, with the conditions that he pay restitution and continue his treatment for substance abuse by continuing to attend his twice-weekly meetings which he has been doing for the past three years consistently.

Dated: April 12, 2018

Respectfully submitted,

LAW OFFICES OF BRIAN H GETZ

_____
BRIAN H GETZ
Attorney for Defendant JAMES DOHERTY